87 U.S. 643
 22 L.Ed. 446
 20 Wall. 643
 THE RAILROAD COMPANY
v.
MARYLAND.
ON MOTION.
 October Term, 1874
 
 ON motion to dismiss a writ of error to the Court of Appeals of Maryland. The case was thus:
 The State of Maryland sued the Baltimore and Ohio Railroad Company in the Supreme Court of Baltimore, in assumpsit, to recover one-fifth of the gross receipts of the company, from January, 1860, to January, 1870, for the transportation of passengers upon what is known as 'the Washington Branch Road,' a road running from Baltimore in Maryland under a charter from Maryland, to the boundary between that State and the District of Columbia; the line of way being continued by a charter from Congress to the City of Washington.
 By the act of the State of Maryland of 1832, under which the branch road was built, one-fifth of the entire receipts from passengers was to go to the State. The defendant set up, as a defence to the action, that this was a tax on passengers for the privilege of passing through the State of Maryland, and was, therefore, void under the Constitution of the United States, within the principle of the case of Crandall v. Nevada.[1]
 The Superior Court sustained this view of the subject and gave judgment for the defendant. On appeal to the Court of Appeals, that court reversed the judgment and ordered a new trial, at which the judgment was rendered for the plaintiff, and on a second appeal this was affirmed.
 The defendant now brought the case here as within the second section of the act of February 5th, 1867, quoted supra, pp. 592, 593, right-hand column.
 There was no question that the defendant asserted throughout the entire case a right and an immunity under the Constitution of the United States; that the law of the Maryland legislature was in conflict with that Constitution, and that this claim of right was decided against the defendant. The opinion of the Court of Appeals, which was in the record, showed that all the members of that court were of opinion that the act of the Maryland legislature was not in conflict with the Federal Constitution, and so decided in this case. The case was, therefore, clearly within the second section of the act of 1867.
 But that court in its opinion placed its judgment also, by a majority (two judges dissenting), on the ground that the railroad company having acted as the agent of the State to collect the money from the passengers, could not in this action avail itself of the illegality of their act in demanding and receiving it. And this also was a proposition which was made in the case at its first trial and insisted on throughout.
 Mr. A. K. Seyester, Attorney-General of Maryland, now moved to dismiss the writ of error, urging that this, the second ground, just abovementioned as one on which the Court of Appeals placed its judgment, was of itself sufficient to control the case, and citing Rector v. Ashley,[2] Gibson v. Chouteau,[3] and Klinger v. Missouri,[4] and other cases, decided while the twenty-fifth section of the Judiciary Act was in force, to show that where there were other questions in the record on which the judgment of the State court might have rested, independently of the Federal question, this court could not reverse.
 Messrs. A. K. Seyester, I. N. Steele, P. F. Thomas, and S. T. Wallis, in support of the motion, again urged upon this court that the second ground taken by the Court of Appeals as above said, was of itself sufficient to control the case.
 Messrs. Reverdy Johnson, J. H. B. Latrobe, and C. J. M. Gwin, contra.
 Mr. Justice MILLER delivered the opinion of the court.
 
 
 1
 Some of the decisions of this court under the act of 1789 would undoubtedly justify the view taken by the counsel of the defendant in error, in support of the motion to dismiss, if it were very clear that the second proposition on which the Court of Appeals placed its judgment was sufficient to control the case, and that it involved no consideration of Federal law.
 
 
 2
 But the act of 1789 contained restrictive language not in the act of 1867; and in construing the statute as it now stands, we have ruled in the case of Murdock v. Memphis, just decided, that where the Federal question has been raised, and has been decided against the plaintiff in error, the jurisdiction has attached, and it must be heard on the merits. To what this examination on the merits shall extend we have in that opinion considered. But until we have determined that the State court decided erroneously the Federal question which it did decide, we can go no further into the re-examination.
 
 
 3
 The counsel of both parties in this court are entitled to be heard when the record shows the existence of a decision which gives us jurisdiction, on the soundness of that decision, on its sufficiency to control the judgment in the whole case, and on the sufficiency of any other point decided, to affirm the judgment even if the Federal question was erroneously decided.
 
 
 4
 For these reasons the motion to dismiss the case is
 
 
 5
 OVERRULED.
 
 
 
 [1]
 6 Wallace, 35.
 
 
 [2]
 6 Wallace, 147.
 
 
 [3]
 8 Id. 314.
 
 
 [4]
 13 Id. 263.